UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIKHAIL D. GRAYSON,  Plaintiff,  v.  MED-1 SOLUTIONS, LLC,  Defendant. | CIVIL ACTION  COMPLAINT 1:18-cv-02294  JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Mikhail D. Grayson ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, MED-1 Solutions, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Indiana Deceptive Consumer Sales Act ("IDCSA") under Ind. Code § 24-5-0.5 et seq. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Indiana.

5. Defendant "manages bad debt collection needs"[1] with its headquarters located at 517 US Highway 31 North, Greenwood, Indiana. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Indiana.

## FACTS SUPPORTING CAUSE OF ACTION

6. In 2016, Plaintiff incurred medical debts in the approximate amount of $200.00 ("subject debt").

7. At all times relevant, Plaintiff believed to have paid the subject debt in full.

8. On or before 2017, Defendant purchased the subject debt while it was allegedly in default, for the principal purpose of collecting the defaulted subject debt from Plaintiff personally.

9. In approximately February 2017, Plaintiff began receiving collection calls to her cellular phone (317) XXX-6767, from Defendant.

10. Plaintiff is the sole subscriber, owner, possessor, and operator of her cellular telephone number (317) XXX-6767. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Immediately after the calls began, Plaintiff answered a phone call to her cellular phone from a representative of Defendant. Defendant repeatedly and aggressively demanded Plaintiff make a payment on the subject debt. Plaintiff informed Defendant that she had paid the subject debt to Defendant's predecessor and that she no longer has any obligation to pay the subject debt.

---

[1] http://revonecompanies.com/services/bad-debt-and-legal-collections/

12. Moreover, she informed Defendant that she was at work, that she cannot receive calls while at work, and requested Defendant to cease placing calls to her cellular phone regarding the subject debt.

13. Despite requesting Defendant to cease calling her cellular phone, Defendant continued to call Plaintiff's cellular phone at all hours of the day, including while Plaintiff was at work. The phone calls placed to her workplace severely disrupted Plaintiff's work productivity and humiliated and embarrassed Plaintiff.

14. Plaintiff continued to answer calls and requested Defendant stop contacting her on at least 7 separate occasions.

15. Notwithstanding Plaintiff's requests that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed no less than 27 harassing phone calls to Plaintiff's cellular phone.

16. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

19. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

21. The phone numbers that Defendant most often uses to contact Plaintiff are (887) 286-7421 and (888) 323-0811, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with her attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

31. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

32. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated 15 U.S.C. §§1692c(a)(1) c(a)(3), d, and d(5) through its unlawful debt collection practices.

    a.  **Violations of FDCPA § 1692c**

35. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told

to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

36. Defendant violated §1692c(a)(3) when it incessantly placed calls to Plaintiff's cellular phone while at work when it had actual knowledge that her employer prohibits the consumer from receiving such communications.

37. On numerous occasions, Plaintiff informed Defendant that she cannot receive calls to her workplace and that the calls are increasingly humiliating and offensive.

38. Furthermore, Defendant has relentlessly called Plaintiff no less than 27 occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

39. Defendant was notified by Plaintiff that its calls were not welcomed and harmful. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    **b.  Violations of FDCPA § 1692d**

40. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to her cellular phone.

41. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 27 harassing phone calls to Plaintiff's cellular phone.

42. As pled above, Plaintiff was severely harmed by Defendant's conduct.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

44. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Indiana in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

45. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff MIKHAIL D. GRAYSON respectfully requests that this Honorable Court:

　a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

　b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

　c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

　d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

46. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

47. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

48. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

49. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

50. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

51. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

52. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

53. Defendant violated the TCPA by placing no less than 27 phone calls to Plaintiff's cellular phone between using an ATDS without her prior consent.

54. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone on numerous occasions in 2017.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

56. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

58. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

59. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff MIKHAIL D. GRAYSON respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

60. Plaintiff repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

62. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

63. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

64. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

65. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

66. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Plaintiff told Defendant to stop calling, which would revoke any theoretical consent that Plaintiff might have given. However, Defendant consciously continued its abusive attempts to contact Plaintiff.

67. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Defendant was never given consent to contact Plaintiff in the first place and once Plaintiff demanded that Defendant stop calling her, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

68. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

69. In violating the TCPA, Defendant further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list. A claim may be based only on an enumerated act, and not a representation at all." *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

70. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

71. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

72. Although unsuccessful, Plaintiff made attempts to correct Defendant's deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had ample knowledge to know that it should no longer contact Plaintiff after being told to stop calling. Nevertheless, Defendant continued to contact Plaintiff in an attempt to extract payment from her. This illustrates Defendant's artifice with intent to mislead Plaintiff, as the sole reason why Defendant would unlawfully contact Plaintiff after being told to stop would be to mislead Plaintiff into submission in order to ultimately collect payment from her.

73. Upon information, Defendant conducts the above-described behavior on a wide and frequent basis. This behavior is extremely unfair and abusive, and goes against the state's goal of

preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

74. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 20 through 24, Plaintiff has suffered damages as a result of Defendant's unlawful practices, including spending money on the purchase of a mobile phone application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

**WHEREFORE**, Plaintiff, MIKHAIL D. GRAYSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 26, 2018                                    Respectfully Submitted,

/s/ Marwan R. Daher                                     /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                   Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                 *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                   2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                       Lombard, IL 60148
Telephone: (630) 537-1770                               Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                  osulaiman@sulaimanlaw.com